**John Barhoum**, WSBA No. 42776
Email: john.barhoum@chockbarhoum.com
**Sarah Tuthill-Kveton**, WSBA No. 51801
Email: sarah@chockbarhoum.com
Chock Barhoum LLP
121 SW Morrison St., Suite 500
Portland, OR 97204
Telephone: 503.223.3000

Attorneys for Defendant Target Corporation

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| **DENISE WILSON,** | Case No. 2:25-cv-00970-MJP |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| **TARGET CORPORATION,** | |
| Defendant. | |

### 1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal

2.   "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: Surveillance video; company standards, polices, procedures and other documents related to the operation and maintenance of the store, protected personal health information, ~~and other information that the producing party and the producing party's counsel believe in good faith contains information that the disclosure of which will create a substantial risk of causing injury to a party or non-party~~ or is otherwise entitled to protection under the Federal Rules of Civil Procedure or applicable legal standards.

[MJP initials in margin]

3.   SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material. However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

 4.1   Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

 4.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

  (a)   the receiving party's counsel of record in this action, as well as employees

of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c) experts, consultants and personal investigators to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel thereof (e.g., court reporters and videographers);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) a mediator retained or engaged by the parties to assist with settlement discussions;

(j) the insurer and/or insurance adjuster of any receiving party to whom disclosure is reasonably necessary for this litigation; and

(k) any other person agreed to in writing by counsel for the designating party.

4.3  Filing Confidential Material. If a party is filing a document that it has itself designated as "Confidential," that party shall reference this Stipulated Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a

document that another party has designated as "Confidential," then the non-designating party shall file the document under seal. Notwithstanding the foregoing, a party seeking to use documents designated as "Confidential Material" and the party seeking protection shall confer on whether redaction is a viable alternative, whether the document(s) may be referenced without being attached, or whether other means of avoiding filing under seal may be agreed upon between the parties. In the event a motion to file under seal cannot be avoided, it shall be the burden of the designating party to articulate the authority and reasons necessitating the sealing of documents. If the non- designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this

agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty (30) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. To the extent that this 30-day designation period prejudices one or both parties in complying with standard briefing schedules, the parties agree to confer on a reasonable extension of response time(s). Leave for such extensions may be sought without objection following conferral and agreement of the parties. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items:</u> the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated

in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 Judicial Intervention. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

Page 6 – STIPULATED PROTECTIVE ORDER

CHOCK BARHOUM LLP
121 SW Morrison, Suite 500
Portland, OR 97204
t: 503.223.3000 | f: 503.954.3321

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, and upon request of the producing party, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon

appropriate methods of destruction.

Notwithstanding the foregoing, this provision does not require any of the parties' counsel to search for and delete Confidential Material that may be saved electronically to counsel's internal law firm document management system, e-mail, or other electronic repository. In addition, counsel is entitled to retain one archival copy of a complete copy of the record in this action, including but not limited to discovery requests, discovery produced, all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. All such Confidential Material and "CONFIDENTIAL" information shall remain subject to the terms of this Stipulated Protective Order and shall not thereafter be disclosed to any person, including counsel's client(s), without the written consent of the designating party or an order of the Court.

This Protective Order shall not constitute a waiver of any party's right to oppose any discovery request or object to the admissibility of any document, testimony, or other information. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of Confidential Material, or other modifications, subject to order by the Court.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing, or a court orders otherwise.

///

///

///

///

///

## IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

DATED: 7/14/2025

*(signature)*
**James R. Walsh**
James R. Walsh Law
20201 Cedar Valley Rd # 140,
Lynnwood, WA 98036
Phone: (425) 774-6883

*Attorneys for Plaintiff*

DATED: 7/25/2025

*(signature)*
**Sarah Tuthill-Kveton**
Chock Barhoum LLP
121 SW Morrison Street, Suite 500
Portland, OR 97204
Phone: (971) 302-6426

*Attorneys for Defendant*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: July 28, 2025

*(signature)*
Honorable S. Kate Vaughn
U.S. Dist. Ct. Sr. Judge